UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VITALIY I. LEONTYUK,

          Petitioner,

      v.

A. NEIL CLARK, Field Office Director,
U.S. Immigration and Customs Enforcement,

          Respondent.

CASE NO. C09-101-RSL-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Vitaliy I. Leontyuk, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 6). He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. Respondent has filed a motion to dismiss, arguing that petitioner is not entitled to a bond hearing or to release because he is subject to mandatory detention under Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), pending the completion of his removal proceedings. (Dkt. 16).

REPORT AND RECOMMENDATION - 1

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 6) be DENIED and respondent's motion to dismiss (Dkt. 16) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Ukraine, who was admitted to the United States on May 11, 1995, as a refugee. (Dkt. 19 at L21). On February 7, 1997, he adjusted his status to lawful permanent resident retroactive to his date of admission. *Id*.

On July 18, 2007, petitioner was convicted in Multnomah County Oregon of robbery in the third degree, and was sentenced to twenty months incarceration. (Dkt. 19 at L53). On October 23, 2008, after completing his sentence, petitioner was transferred from the Oregon Department of Corrections directly into ICE custody. (Dkt. 19 at R66). ICE served him with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F). (Dkt. 19 at L26). Petitioner was subsequently transferred to the Northwest Detention Center where he remains detained.

Petitioner requested and received a bond redetermination hearing before an Immigration Judge ("IJ") on November 17, 2008, who determined that she lacked jurisdiction to grant petitioner bond because he had been convicted of an aggravated felony and was therefore subject to mandatory detention under INA § 236(c). (Dkt. 19 at L43). On December 17, 2008, the IJ ordered petitioner removed from the United States to Ukraine. (Dkt. 19 at L79). On December 20, 2008, petitioner filed a motion to reconsider with the IJ, asserting for the first time that he feared being removed to Ukraine, and seeking an opportunity to file an application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. (Dkt. 19 at L85-88). The IJ granted petitioner's motion to reconsider, and on January 15, 2009, petitioner appeared before the IJ in the reopened proceedings. (Dkt. 19 at L82-83). Petitioner requested a bond redetermination, and the IJ once again found that she lacked jurisdiction to grant petitioner bond because he was subject to mandatory detention under

REPORT AND RECOMMENDATION - 2

INA § 236(c).  (Dkt. 19 at L103, L214).  Petitioner filed an appeal of the IJ's bond determination

with the Board of Immigration Appeals ("BIA"), which remains pending.  (Dkt. 19 at L210-16).

On January 23, 2009, petitioner filed the instant habeas petition challenging his detention.

(Dkt. 6).  On March 4, 2009, the IJ denied petitioner's application for asylum, withholding of

removal, CAT relief, and cancellation of removal, and ordered him removed to Ukraine.  (Dkt.

16, Ex. 2).  Petitioner filed an appeal of the IJ's decision with the BIA, which remains pending.

(Dkt. 16, Ex. 3).  On March 26, 2009, respondent filed a return and motion to dismiss.  (Dkt. 16).

Petitioner did not file a response.

## III.  DISCUSSION

Section 236(c) of the INA states that "[t]he Attorney General *shall* take into custody any

alien who" is deportable from the United States because he has been convicted of certain crimes

specified in the provision.[1]  INA § 236(c)(1)(B), 8 U.S.C. § 1226(c)(1)(B)(emphasis added).

Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under

INA § 236(c) are not entitled to a bond hearing and are not provided the opportunity to show that

their detention is unnecessary because they are not a danger to the community or a flight risk.[2]

*See Casas-Castrillon v. DHS*, 535 F.3d 942, 946 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510, 531, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), the

Supreme Court held that "Congress justifiably concerned that deportable criminal aliens who are

not detained continue to engage in crime and fail to appear for their removal hearings in large

numbers, may require that persons such as respondent be detained for the brief period necessary

---

[1]Section 236(c) only applies to criminal aliens who are taken into immigration custody
immediately after they are released from incarceration on the underlying criminal offense.  *See
Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1228 (W.D. Wash. 2004)(finding that the
petitioner who was released from state custody and was not taken into immigration custody until
three years later was not subject to mandatory detention under INA § 236(c)).  Because petitioner
was transferred directly into ICE upon his release from incarceration on the underlying criminal
offense, INA § 236(c) governs his detention pending removal proceedings.  *Id*.

[2]The Attorney General may release a criminal alien who is detained under INA § 236(c)
only for narrow reasons specified in the provision that are not implicated in the present case.
*Casas-Castrillon*, 535 F.3d at 946 (citing INA § 236(c)(2), 8 U.S.C. § 1226(c)(2)).

REPORT AND RECOMMENDATION - 3

for their removal proceedings." *Demore*, 538 U.S. at 513. The Court further held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id*. at 531.

In the present case, ICE charged petitioner with being removable from the United States for having been convicted of an aggravated felony, which is defined to include a conviction for "a crime of violence . . . for which the term of imprisonment is at least one year." INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F); INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). The term "crime of violence" is defined in 18 U.S.C. § 16 as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Petitioner was convicted of robbery in the third degree under Oregon law, and was sentenced to twenty months incarceration. Under the Oregon Revised Statutes, robbery in the third degree includes as an element of the crime the use or threatened use of physical force against another person. *See* Or. Rev. Stat. § 164.395. Thus, petitioner falls squarely within the group of criminal aliens described in INA § 236(c)(1)(B) for whom detention is mandatory during removal proceedings.

Petitioner argues that he is entitled to release on bond under the Ninth Circuit's decisions in *Casas-Castrillon*, 535 F.3d at 942; *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). However, as respondents argue, the authorities cited by petitioner do not apply to the facts of his case. (Dkt. 16 at 6-8).

Section 236 governs the arrest, detention, and release of aliens "pending a decision on whether the alien is to be removed from the United States." INA § 236(a), 8 U.S.C. § 1226(a). Once removal proceedings have been completed, the detention and release of aliens shifts to

REPORT AND RECOMMENDATION - 4

Section 241. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1), which provides:

> The removal period begins on the latest of the following:
>
> (i)    The date the order of removal becomes administratively final.[3]
>
> (ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

In *Prieto-Romero*, the alien had filed a Petition for Review of the BIA's order affirming the removal order against him and the Ninth Circuit had ordered a stay of removal pending judicial review. *Prieto-Romero*, 534 F.3d at 1053. The Ninth Circuit held that while Prieto-Romero's appeal was pending, the statutory authority to detain him fell under INA § 236(a). *Prieto-Romero*, 534 F.3d at 1059. The Court concluded that Prieto-Romero was not entitled to a bond hearing, however, because he had already received three bond hearings and had been granted release on bond. *Id*. at 1066.

Similarly, in *Casas-Castrillon*, the Ninth Circuit considered whether the government may detain an alien under INA § 236(c) pending judicial review of a final order of removal without providing him with an opportunity to challenge his detention before an Immigration Judge. *Casas-Castrillon*, 535 F.3d at 942. The Ninth Circuit found that once proceedings before the BIA are completed, the authority to detain criminal aliens shifts from INA § 236(c) to INA § 236(a). *See Casas-Castrillon*, 535 F.3d at 947-48. The Court concluded that he was entitled to a bond hearing before an Immigration Judge. *Casas-Castrillon*, 535 F.3d at 951-52.

---

[3]An order of removal becomes administratively final upon the earlier of "a determination by the Board of Immigration Appeals affirming such order," or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." INA § 101(47)(B), 8 U.S.C. § 1101(47)(B).

REPORT AND RECOMMENDATION - 5

1    Here, petitioner's order of removal is not yet administratively final because it remains

2    pending before the BIA.  *See* INA § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i).  Thus, unlike

3    the aliens in *Casas-Castrillon* and *Prieto-Romero* who were detained pending Ninth Circuit

4    review, petitioner continues to be detained under INA § 236(c) until the BIA renders its decision.

5    *See* INA § 241(a)(1)(B)(i); *see also* INA § 101(47)(B).  Accordingly, petitioner is not entitled to

6    a bond hearing or release from mandatory detention.

### IV.  CONCLUSION

8        For the foregoing reasons, I recommend that petitioner's habeas petition be DENIED, and

9    that respondent's motion to dismiss be GRANTED.  A proposed Order accompanies this Report

10   and Recommendation.

11       DATED this 30th day of April, 2009.

13       BRIAN A. TSUCHIDA
         United States Magistrate Judge

REPORT AND RECOMMENDATION - 6